24 F.3d 246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Thomas W. HILL, Plaintiff-Appellant,
v.
J. Gary HASTINGS, Douglas A. McKee, Abraham Gorenfeld, James
H. Dempsey, Mildred L. Lillie, N. Frederick and
Earl Johnson, Jr., Defendants-Appellees,
 No. 93-56303.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 28, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas W. Hill appeals pro se the district court's orders dismissing most of his claims for lack of jurisdiction and granting summary judgment in favor of California Superior Court Judge J. Gary Hastings and other state officials on the remaining claims in Hill's 42 U.S.C. Sec. 1983 action alleging that the state court deprived him of due process in a previous action and systematically discriminates against pro se plaintiffs. We affirm.
 
 I.
 Hill's Action in State Court
 
 3
 On May 10, 1989, Hill brought a pro per action against Great Western Bank in Los Angeles Superior Court. The complaint alleged causes of action including fraud, breach of contract, and various statutory violations. Great Western filed a summary judgment motion which Judge Hastings granted, despite Hill's claim that materials promised to him in response to discovery requests were being withheld by opposing counsel.
 
 
 4
 Hill filed simultaneous motions for reconsideration and for the recusal of Judge Hastings on grounds of prejudice. Judge McKee denied the recusal motion. Judge Hastings denied the reconsideration motion. Hill appealed Judge Hastings' decision. The California Court of Appeal affirmed the judgment of the Superior Court. Hill's petition for review by the California Supreme Court was denied.
 
 
 5
 In a separate proceeding, Commissioner Abraham Gorenfeld expunged a notice of lis pendens on property that was the subject of Hill's Superior Court complaint. Hill unsuccessfully opposed the expungement motion. Hill alleges that, during this proceeding, Gorenfeld admitted his prejudice against him in open court and also remarked that he had not read the papers that were filed regarding the motion. Hill believed at the hearing that Gorenfeld was a Superior Court judge. When he later discovered his error, Hill moved for the expungement motion to be heard before a judge. Commissioner Gorenfeld denied the motion. Hill later unsuccessfully petitioned the Court of Appeal for a writ of mandate staying the expungement order.
 
 Hill's District Court Action
 
 6
 On September 14, 1992, Hill filed an action in United States District Court against Judges Hastings and McKee, Commissioner Gorenfeld, and Superior Court Executive Officer Dempsey. In addition, Hill named Appellate Justices Mildred L. Lillie, N. Frederick Woods, and Earl Johnson, Jr. (who affirmed the actions of the state court judicial officers), the State of California, the Superior Court, and the Court of Appeal. The action requested the Court to: 1) review and vacate Judge Hastings' order of summary judgment; 2) set aside the expungement order and order opposing counsel on that motion; 3) order the Superior Court to order discovery and enforce a deposition subpoena; and 4) order the California Court of Appeal to give his case full de novo review.
 
 
 7
 Defendants brought motions to dismiss for lack of subject matter jurisdiction and failure to state a claim on which relief can be granted. The Court dismissed the entire original complaint without prejudice. The Court found that the claims against the State of California, the Superior Court, and the Court of Appeal were barred by the Eleventh Amendment. The Court held that it lacked subject matter jurisdiction over all of the remaining claims because they were for review of state court decisions. The Court granted Hill leave to file an amended complaint.
 
 
 8
 Hill had already lodged a proposed First Amended Complaint prior to the ruling on the motions to dismiss. However, subsequent to the court's order granting Hill leave to file an amended complaint, Hill filed a different First Amended Complaint. Defendants moved to dismiss the First Amended Complaint Hill filed on the grounds of failure to state a claim upon which relief could be granted and lack of subject matter jurisdiction.
 
 
 9
 In ruling upon the motions to dismiss, however, the District Court issued its order on the basis of the lodged First Amended Complaint instead of the filed First Amended Complaint. The lodged First Amended Complaint named the same parties as the original complaint and sought to enjoin the commissioner's authority to conduct hearings without a specific stipulation, and to enjoin alleged discrimination against persons representing themselves in pro per in both the Superior Court and the Appellate Court.
 
 
 10
 In contrast, the filed First Amended Complaint deleted the State as well as the Superior and Appellate Courts as defendants. In addition, the filed First Amended Complaint sought 1) a declaration that the orders of Commissioner Gorenfeld were null and void; 2) an order enjoining Judge Hastings from engaging in practices which allegedly discriminate against pro per litigants; 3) a declaratory judgment that pro per litigants are subjected to disparate and inequitable treatment in the California courts and enjoining Judge McKee from refusing to enforce subpoenas and refusing to honor demands for the recusal of a judge; 4) an order enjoining the Superior Court Judges and James Dempsey from conspiring to deny constitutional rights to pro per litigants; and 5) an order enjoining the Court of Appeals Justices from denying de novo review of summary judgment on appeal and of requests for judicial notice on appeal when pro per litigants are involved.
 
 
 11
 In its order filed March 22, 1993, the Court dismissed those causes of action (in the lodged First Amended Complaint) brought against California, the Superior Court, and the Court of Appeal because they were barred by the Eleventh Amendment and because the Court lacked subject matter jurisdiction. The claims alleging unconstitutional practices by judges in the state courts that could cause harm to Hill were not dismissed.
 
 
 12
 Defendants moved for summary judgment with regard to Hill's remaining claims. In response, Hill filed statistical evidence analyzing one hundred cases heard by the defendants. Eleven of the cases involved pro per litigants. Hill found that in eight of the eleven cases (73%), the defendants dismissed the pro per litigants' cause of action prior to trial or settlement. In contrast, the defendants dismissed actions brought by parties represented by attorneys 17% of the time.
 
 
 13
 The Court granted defendants' motion. The Court held that it was without jurisdiction to review the merits of the state courts' decisions in Hill's underlying case. In addition, the Court found that Hill's statistical analysis, without more, did not provide proof of his claim and did not give rise to a genuine issue of fact. In order to determine whether Hill and other pro per plaintiffs were discriminated against in California, the Court found that it would have to review the merits of the state court decisions involving pro per litigants. The Court held it was barred from doing so under District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983).
 
 
 14
 The Court found itself limited to a facial challenge to the constitutionality of the rules and practices propagated by the California courts acting in their nonjudicial capacity. With regards to that challenge, the Court found that Hill had failed to offer any evidence. Finally, the Court found that there was no evidence to indicate that this was an extraordinary case in which the Court should offer equitable relief from the state courts' decisions. The state judges were acting solely in their judicial capacities, and there was no proof of a continuing pattern of discrimination against pro per litigants.
 
 
 15
 Hill then filed a motion to set aside the judgment, pointing out the District Court's confusion between the lodged First Amended Complaint and the filed First Amended Complaint. The Court assumed for the purposes of the motion that the filed First Amended Complaint was the appropriate complaint. Nevertheless, the Court concluded that there were no material factual disputes raised by the later complaint. The only real difference between the two complaints involved Hill's claim that the Superior Court Judges had conspired, together with Dempsey, to deprive him of his constitutional rights under 42 U.S.C. Sec. 1985. The Court found that, because this claim required it to review state court decisions and the court lacked jurisdiction to do so, the filed First Amended Complaint did not alter the outcome of the summary judgment order.
 
 II.
 
 16
 Some of Hill's claims were dismissed by the District Court for lack of subject matter jurisdiction. Fed.R.Civ.Pro. 12(b)(1). The existence of subject matter jurisdiction is a question of law reviewed de novo. Reebok Int'l, Ltd. v. Marnatech Enterprises, Inc., 970 F.2d 552, 554 (9th Cir.1992).
 
 
 17
 Hill's initial complaint named the State of California, the Superior Court of Los Angeles County, and the California Court of Appeal as defendants. These parties were properly dismissed for lack of subject matter jurisdiction. The Eleventh Amendment bars citizens from bringing suits against their own state and state agencies in federal court. Atascadero State Hospital v. Scanlon, 473 U.S. 234, 238 (1985); Hans v. Louisiana, 134 U.S. 1 (1890).
 
 
 18
 The First Amended Complaint that was filed sought a declaration that the orders of Commissioner Gorenfeld were null and void and a mandamus action ordering Judge McKee to compel the appearance of Roy Campbell to appear for the taking of his deposition. The District Court properly concluded that it lacked subject matter jurisdiction over such claims. District Courts "do not have jurisdiction ... over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the Supreme Court]. 28 U.S.C. Sec. 1257." Feldman, 460 U.S. at 486.
 
 III.
 
 19
 Hill's remaining claims were for injunctive relief. Hill asked the Court to 1) enjoin Commissioner Gorenfeld from hearing Superior Court motions without a recorded stipulation by both parties consenting to such hearing; 2) enjoin Judge Hastings from entering summary judgment without leave to amend in cases involving questions of material fact and from refusing to compel support of discovery; 3) enjoin Judge McKee from refusing to enforce subpoenas and refusing to honor first-demands for recusal of a judge for prejudice; 4) enjoin defendants in Superior Court from discriminating against pro per litigants; and 5) enjoin defendants in the Court of Appeal from denying parties de novo review of summary judgment on appeal and of requests for judicial notice because of the litigants' pro per appearance.
 
 
 20
 We review de novo the District Court's summary judgment in favor of defendants. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992).
 
 
 21
 As noted above, district courts are limited in their ability to review state court actions. District courts may only review state court actions that are nonjudicial (i.e. administrative or quasi-legislative). Feldman, 460 U.S. at 486. Examples of nonjudicial actions by state courts that are subject to judicial review are rules for admission to the bar (Feldman ) and railroad passenger rates ( Prentis v. Atlantic Coast Line Co., 211 U.S. 210, 223 (1908)).
 
 
 22
 Thus, to the extent that Hill's action required a determination of whether he or other pro per litigants had previously been subjected to discrimination by defendants based on their status as pro per litigants, the district court's inquiry was limited to an analysis of the facial constitutionality of California's rules of practice as they relate to pro per and non-pro per litigants. As the district court correctly noted, it was without authority to review and pass judgment on the judicial actions taken by defendants in Hill's state court case or that of any other pro per litigant. Feldman, 460 U.S. at 476.
 
 
 23
 The only argument made by Hill in support of his claim that California's rules of practice with regard to pro per litigants are facially unconstitutional is the fact that in California, pro per litigants are treated exactly the same as litigants represented by an attorney ( see Nelson v. Gaunt, 125 Cal.App.3d 623, 638, 178 Cal.Rptr. 167, 173 (1981)) whereas in federal courts pro se litigants's complaints are held "to less stringent standards than formal pleadings drafted by lawyers...." See Jones v. Community Redevelopment Agency, 733 F.2d 646 (9th Cir.1984) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).
 
 
 24
 The federal court practice is not constitutionally mandated. The Supreme Court has never so held. See, e.g., Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines, 404 U.S. at 520. The mere existence of different rules and practices in federal and state courts does not imply that the state practice is unconstitutional. California's practice is to grant pro per litigants the same, but no greater, consideration than other litigants and attorneys. Monastero v. Los Angeles Transit Co., 131 Cal.App.2d 156, 160, 280 P.2d 187 (1955). In addition, pro per litigants are held to the same restrictive rules of procedure as attorneys. Id. Neither practice is violative of due process.
 
 
 25
 In Pulliam v. Allen, 466 U.S. 522, 538 & 541 (1984) the Supreme Court concluded that judges could be sued for injunctive relief in extraordinary cases. Hill bases his contention that the action is sufficiently extraordinary to merit injunctive relief on 1) the facial unconstitutionality of California's practices for the treatment of pro per litigants; and 2) the transparency of defendants' actions which resulted in Hill's denial of process guaranteed by state law. The district court concluded that Hill's action is not sufficiently extraordinary to merit granting injunctive relief and we agree. We are without authority to review the judicial actions taken by defendants and have no basis for finding the procedures applied in California with regard to pro per litigants constitutionally deficient.
 
 
 26
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Hill's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3